**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Gonzalo Cevallos,<br><br>Plaintiff,<br>-v-<br><br>Centerpark Services LLC,<br><br>Defendant. | **Civ. Action #:**<br><br>**Complaint**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Gonzalo Cevallos ("Plaintiff" or "Cevallos"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendant Centerpark Services LLC ("Defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, that he was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for each and all such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, overtime wages, wage deductions and wages due under Article 6 of the New York Labor Law including Section 191, 193, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. At all times relevant herein, Plaintiff Gonzalo Cevallos ("Plaintiff" or "Cevallos") was an adult, over eighteen years old, who resides in Bronx County in the State of New York.

8. At all times relevant herein, Defendant Centerpark Services LLC ("Centerpark") was a New York limited lability company.

9. At all times relevant herein, Defendant controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions, and performed such functions as to Plaintiff.

10. Upon information and belief and at all times relevant herein, Defendant Centerpark owned/operated a principal place of business in New York County, New York located at 250 Albany St New York NY 10280 where Plaintiff was also employed.

11. At all times relevant herein, Plaintiff was employed by Defendant.

## STATEMENT OF FACTS

12. Upon information and belief, and at all relevant times herein, Defendant was in the business

of providing in relevant part, parking, security and related services to the public.

13. Upon information and belief, and at all relevant times herein, Defendant operated several locations and employed over 50 employees.

14. At all times relevant herein, Plaintiff was employed by Defendant from in or around February 2020 to on or about January 22, 2026.

15. At all times relevant herein, Defendant employed Plaintiff as a parking attendant, etc., throughout his workday with Defendant.

16. At all times relevant herein, Plaintiff was an hourly employee of Defendant and his last hourly rate of pay was about $22.00 an hour.

17. At all times relevant herein, Plaintiff worked about 50 or more hours each week; 5 or more days each week for Defendant - with the exception of about 2-4 weeks each year.

18. At all times relevant herein, Defendant had a policy and practice of improperly deducting about 30 minutes or more each day from Plaintiff's work time. However, due to the demands of his job, Plaintiff did not receive a "bona fide" meal break within the meaning of the FLSA and NYLL. 29 C.F.R. § 785.18; 29 C.F.R. § 785.19. At all times relevant herein, Plaintiff either did not receive a "meal" break or was not completely relieved from duty during "meal" breaks, if any, because he was always subject to interruption during "meal" breaks if any and was actually interrupted to perform his regular physical work during any "meal" breaks because of the nature and demands of the job as required by Defendant. See i.e. *Herrera v. Comme des Garcons, Ltd.,* 84 F.4th 110, 116 (2d Cir. 2023). As a result, Plaintiff is owed overtime wages for about 2.5 overtime hours worked each week during his employment with Defendant - with the exception of about 2-4 weeks each year, which he seeks to recover with this action and for which he was not paid any wages.

19. At all times relevant herein, in addition to the unpaid wages set forth in paragraph 18, Plaintiff worked an additional 2.5 overtime hours each week beyond his scheduled work time doing work related duties for Defendant but Plaintiff was not paid any wages for these 2.5 overtime hours worked each week during his employment with Defendant - with the

exception of about 2-4 weeks each year.

20. In addition, Plaintiff was required to incur expenses in the performance of his work for Defendant during the period of his employment such as for use of his cellphone, and internet, etc. However, Defendant failed to reimburse Plaintiff for these costs and expenses - Defendant failed to reimburse Plaintiff for about $10.00 or more each week, which constitutes an unlawful wage deduction under the FLSA and NYLL, including NYLL § 193. These unlawful deductions and failure to reimburse also constitute an under payment of wages and overtime wages under the FLSA and NYLL.

21. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC § 211, 29 CFR § 516 and NYLL § 195, 12 NYCRR §142, are incorporated herein by reference.

22. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours each week during his employment with Defendant.

23. At all times relevant herein, Defendant, failed to provide Plaintiff with the required notice at the time of his hiring pursuant to NYLL § 195(1) containing, among other things, his rate of pay, designated payday, and the name, address, and telephone number for Defendant and Plaintiff never received such a notice. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, fn 1 (2d Cir. 2021).

24. At all times relevant herein, Defendant failed to provide Plaintiff with the required wage statements pursuant to NYLL § 195(3) – the wage statements provided to Plaintiff showed fewer hours than what he actually worked and less wages than he actually earned – by not showing the work hours and earned wages claimed herein, which prevented him from determining and seeking payment for the precise amount of his unpaid wages and he was thus harmed by being deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier. See i.e. *Alonso Vazquez v. Azoulay*, 834 F.

App'x 653, fn 1 (2d Cir. 2021).

25. At all times relevant herein, Defendant's failure to provide Plaintiff with the required wage notice and wage statements, caused Plaintiff to suffer injury because Plaintiff was underpaid and wasn't advised that he was due overtime wages when he worked the additional overtime hours over 40 each week claimed in this action — that is, he didn't know he was supposed to be paid additional overtime and other wages claimed in this action, and he lost out on the ability to advocate for such wages and be paid according to the requirements of the law such as the FLSA and NYLL.

26. At all times relevant herein, Defendant's failure to provide Plaintiff with the required wage notices and wage statements, Defendant forced Plaintiff to spend time accounting and tabulating the information not provided such as the unpaid overtime hours and wages claimed herein, as best as he can – time is money and the several hours spent doing this would have been saved had Defendant carried out its legal obligations to provide Plaintiff with the required wage notice and wage statements which provides this type of accounting and tabulation and a lot more such as the amounts each pay period and year to date totals.

27. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500,000.

28. Upon information and belief and at all times relevant herein, Defendant conducted business with vendors/entities/persons within the State of New York.

29. Upon information and belief, and at all times relevant herein, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail, messaging, payroll application, timekeeping, websites as a regular/daily part of the operation of Defendant.

30. Upon information and belief and at all times relevant herein, Defendant utilized the goods, materials, and services through interstate commerce.

31. At all times relevant herein, Defendant as a regular part of its business, made payment of taxes and other monies to agencies and entities outside the State of New York.

32. Upon information and belief, and at all relevant times herein, Defendant conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

33. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

34. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL (29 CFR 516.4; 12 NYCRR 142-2.8).

35. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. As such, equitable tolling applies in this case. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

36. "Plaintiff" as used in this complaint refers to the named Plaintiff.

37. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

**AS AND FOR A FIRST CAUSE OF ACTION**

**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime wages)**

38. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

39. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA.

40. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant, constituted an enterprise(s) engaged in

commerce within the meaning of 29 U.S.C. §§ 203, 207.

41. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

42. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

43. Due to Defendant's FLSA overtime wage violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime wages, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**

**NYLL 650 et Seq. & 12 NYCRR § 142-2.2 (Overtime Wages)**

44. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 42 above as if set forth fully and at length herein.

45. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder.

46. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay and 1.5 times the applicable New York State Minimum Wage rate for each hour worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

**Relief Demanded**

47. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime wages, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**

**NYLL § 190, 191, 193, 195 and 198 – Unpaid and Withheld Wages**

48. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 47 above with the same force and effect as if fully set forth at length herein.

49. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

50. At all time relevant herein, Defendant deducted about $50 a month from Plaintiff's wages for dues but Defendant improperly retained such dues without turning them over to the appropriate third party and Plaintiff is entitled to and seek to recover such dues/wage deductions in this action.

51. At all relevant times herein, Defendant violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all his wages, including his unpaid overtime wages, wage deductions, as required under NY Labor Law § 190 et seq.

52. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

53. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

**Relief Demanded**

54. Due to Defendant's New York Labor Law Article 6 violations including violation of sections

191, 193 and 198, Plaintiff is entitled to recover from Defendant, his entire unpaid wages, including his unpaid overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

55. Declare Defendant to be in violation of the Plaintiff's rights under the FLSA and New York Labor Law – 12 NYCRR § 142 and Article 6 of the NYLL – NYLL § 190 et Seq.

56. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

57. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

58. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid overtime wages, wage deductions, due under law, maximum liquidated damages, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

59. Award Plaintiff prejudgment interest on all monies due.

60. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

61. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
**September 29, 2026**

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan ___________________
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com